## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Civil Action No. 1:23-cv-1562 (AMN/ATB) |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| $93,530.59 in U.S. Currency, and | ) | |
| Assorted Jewelry, VL: $33,000.00, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "Plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned properties (the "Defendant Property") and alleges as follows:

## NATURE OF THE ACTION

This is an action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) and Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Forfeiture is sought of the Defendant Property as proceeds traceable to violations of Title 21, United States Code, Sections 841 and 846. Section 881(a)(6) provides for the forfeiture of the following:

> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title.

21 U.S.C. § 881(a)(6).

## THE PARTIES

1. The Plaintiff is the United States of America.

2. The Defendant Property is set forth in detail below:

   a) $93,530.59 in U.S. Currency ("Defendant Currency"); and

   b) Assorted pieces of jewelry, with a collective appraised value of $33,000.00 ("Defendant Jewelry"). The individual pieces of jewelry are more precisely described below:

      (i) one 14 karat yellow gold and white gold custom diamond pavé pendant with "Paper Chasin," and an appraised value of $12,000.00;

      (ii) one 14 karat yellow gold ladies' fashion ring, with an appraised value of $3,500.00;

      (iii) two 14 karat yellow gold diamond cluster earrings, with an appraised value of $1,500.00; and,

      (iv) one 14 karat 22" Miami Cuban link chain with a diamond box clasp, with an appraised value of $16,000.00.

3. The Defendant Currency and Defendant Jewelry are collectively referred to herein as the Defendant Property.

4. The Defendant Property is presently in the custody of the United States of America.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1345 and 1355.  Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345.  Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts

of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Currency and venue is properly situated in this district pursuant to Title 28, United States Code, Section 1355(b), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

7. Venue is also properly situated in this district pursuant to Title 28, United States Code, Section 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b).

**FACTS**

8. Starting in or about May of 2022, the Drug Enforcement Administration ("DEA"), in conjunction with various other federal and local law enforcement agencies, began an investigation into a drug trafficking organization ("DTO") selling cocaine and pills containing fentanyl in the Capital Region of New York State.

9. As part of the investigation, agents conducted surveillance on a suspected stash house for the DTO located in a second-floor apartment in the Town of Guilderland, New York ("the Stash Apartment"), which was used and shared by various co-conspirators involved in the DTO.

10. Law enforcement set-up pole cameras in the area surrounding the Stash Apartment and arranged controlled buys.

11. As a result of the surveillance, agents were able to identify various individuals associated with the DTO entering and exiting the Stash Apartment, including Anthony Zaremski ("Zaremski").

12. Zaremski was believed to be one of the leaders of the DTO and was observed accessing the Stash Apartment on multiple occasions.

13. On May 23, 2023, several federal search warrants were executed at various locations associated with the DTO.

14. At approximately 5:27 a.m. that day, members of the DEA, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and the Saratoga County Sheriff's Office executed the federal search warrant at the Clifton Park, New York apartment where Zaremski and his girlfriend Kyla Brothers ("Brothers") were believed to reside.

15. As members of the Saratoga County Sheriff's Office approached the building and climbed the stairs leading to the apartment, they announced their presence to the occupants. They then used an entry tool to gain entrance to the apartment.

16. Shortly after officers entered the apartment, Zaremski fired several rounds in their direction. Two officers were struck and injured. Law enforcement returned fire and Zaremski was subsequently discovered shot in the bedroom.

17. Zaremski and the injured officers were transported to the hospital where Zaremski was pronounced deceased.

18. After the exchange of gunfire, the apartment was secured and treated as an active crime scene.

19. During the search of the apartment, agents seized the following including but not limited to: (1) a clear plastic Ziplock bag containing suspected marijuana; (2) two candy bars

suspected to contain THC; (3) a blue-colored gummy substance suspected to contain THC; (4) one black digital scale with unknown suspected drug residue; (5) one jewelry box containing unknown drug residue; (6) one red digital scale with unknown suspected drug residue; (7) approximately 30 packets of Suboxone; (8) four balloon tie-offs containing marijuana and synthetic cannabinoid; (9) three plastic bags containing suspected concentrated cannabis, wax paper, and pieces of a dark brown substance suspected to be concentrated cannabis; and (10) small rubber bands/packaging material consistent with the packaging of narcotics.

20. During the search of the apartment, law enforcement found the Defendant Currency and the Defendant Jewelry.

21. On May 23, 2023, law enforcement also executed a federal search warrant at the Stash Apartment.

22. DTO member Brandon Bartley ("Bartley") was located in the bedroom of the apartment at the time law enforcement arrived at the Stash Apartment.

23. Agents found and seized the following items during the search of the bedroom in the Stash Apartment: (1) a plastic tie off containing approximately 3.417 grams of positively identified psilocin, a hallucinogenic substance; (2) a bundle containing approximately .210 grams of positively identified fentanyl; and (3) a loaded handgun found on the bed.

24. Agents also identified a black safe in the corner of the living room containing the following items: (1) approximately 737.50 grams of cocaine, a chunk of which was located on a plate and the remaining inside two clear plastic baggies; (2) approximately 3,729 counterfeit oxycodone pills, positively identified as fentanyl; (3) a glassine bag consisting of approximately 3.793 grams of identified fentanyl; (4) several bags containing approximately 23,907 tablets,

positively identified as methamphetamine; (5) twenty-eight firearms; and (6) ammunition. *See* Attachment A, Photograph of drugs and firearms inside the safe.

25. The apartment in which Zaremski resided was rented under the name of a family member/relative of Jabree Jones's ("Jones") girlfriend. Jones was considered a key player in the DTO, and keys to the Stash Apartment were located in Jones's residence on May 23, 2023 as part of a Federal Probation search.

26. On January 20, 2023, Zaremski was operating a Jeep registered to Jones ("the Jeep") that led law enforcement on a high-speed chase and crash, exceeding speeds of 130 mph. While fleeing from law enforcement, the Jeep struck a white Mercedes Benz, flattening the Jeep's right front tire.

27. Zaremski subsequently exited the Jeep and fled by foot. Law enforcement engaged in a foot chase of Zaremski and took him into custody. After searching the area of where the foot chase occurred, a deputy located $74,740.00 inside of a black bag, and $2,660.00 on Zaremski's person.

28. In September 2022, prior to the high-speed chase, Zaremski had Class C Felony charges pending in Albany County Court for Criminal Possession of a Controlled Substance in the Fourth Degree, in violation of New York State Penal Law § 220.09(1).

29. On April 5, 2019, Zaremski pled guilty to an offense in violation of New York State Penal Law § 220.16(1), Attempted Criminal Possession of a Controlled Substance in the Third Degree. On June 21, 2019, the Court sentenced Zaremski to one year of imprisonment and a one-year period of post-release supervision.

30. Zaremski's criminal history consists of six total arrests, dating back 2017, at the age of 17, when he was arraigned on his first narcotic offense, in violation of New York State

Penal Law § 220.09(1), Criminal Possession of Narcotic Drug in the Fourth Degree, a Class C Felony.

## CONCLUSION

31. The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1) Issue a Warrant of Arrest *in Rem*, in the form submitted with this Complaint;

(2) Direct any person having any claim to the Defendant Currency to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3) Enter judgment declaring the Defendant Currency to be forfeited and condemned to the use and benefit of the United States; and

(4) Award such other and further relief to the United States as it deems proper and just.

Dated: December 8, 2023

CARLA B. FREEDMAN
United States Attorney

By:  */s/ Elizabeth A. Conger*
Elizabeth A. Conger
Assistant United States Attorney
Bar Roll No. 520872

## VERIFICATION

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF ALBANY     )

Nicholas Gorton, being duly sworn, deposes and states:

I am a Special Agent with the United States Drug Enforcement Administration (DEA). I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement officers.

Dated this 11 day of December, 2023.

_____
Nicholas Gorton, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 11th day of December, 2023.

_____
Notary Public

DIANA L. BLAKE
Notary Public, State of New York
Qualified in Albany County
My Commission expires 4/3/24
Reg. #01BL6039553

**<u>Attachment A</u>**



